**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff
ERICA EDGERLY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND; | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** (42 U.S.C. § 1983) |
| v. | |
| COUNTY OF ALAMEDA, a municipal corporation; and DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## INTRODUCTION

1.      Decedent Yuri Brand—the beloved son of Plaintiff Erica Edgerly—was taken into custody at Santa Rita Jail on September 8, 2023, for nonviolent criminal charges. For unknown reasons, yet-to-be-identified classification deputies for Alameda County Sheriff's Office—identified in this lawsuit as the Defendant Doe Deputies—did not place Mr. Brand, who was schizophrenic, into mental health housing nor did they classify him as a behavioral health inmate despite knowing that Mr. Brand was schizophrenic and had gone without medication for days.

2.      Instead, the defendant classification deputies placed Mr. Brand in general population. Five days later, the Defendant Doe Deputies assigned Mr. Brand a cellmate: Bryson Levy. Mr. Levy was in the midst of his own mental health crisis and had a documented criminal history of violence, sexual assault, and the use of deadly weapons. On information and belief, despite knowing this, the Defendant Doe Deputies still elected to place Mr. Levy in the cell with Mr. Brand rather than a more restrictive housing.

3.      Within 45 minutes of being placed in Mr. Brand's cell, Mr. Levy reportedly killed Mr. Brand, using a mattress to suffocate him to death. This was a tragic but foreseeable outcome of placing the two men in the cell given the lack of adequate supervision and mental health care.

4.      In the aftermath of Mr. Brand's death, the Alameda County Coroner's Office, which is managed by the same Alameda County Sheriff Department that operates Santa Rita Jail took an inordinate amount of time to release Mr. Brand's body to his family. The family's questions and concerns were further heightened when they received the autopsy report which described Mr. Brand's tongue as having "no contusions or bite marks" yet when the family examined his body they discovered Mr. Brand's tongue had a jagged serration that ran from the tip to the throat.

5.      Just as distressing is the fact the toxicology report confirmed Mr. Brand did not have

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

any medications in his system despite the County being well aware of Mr. Brand's mental health condition and his need for medication, all in direct contravention of the Santa Rita Jail Consent Decree which requires the Jail to provide adequate mental health care to all incarcerated persons with mental health issues.

6.     Since Mr. Brand's death, his mother Ms. Erica Edgerly, along with her family, have sought to learn more about how their loved one could have suffered such a cruel fate but have been left with more questions than answers. Ms. Edgerly is thus forced to bring this lawsuit in order obtain the information she and her family so desperately deserves and to hold those heretofore not being held responsible for setting in motion the deadly chain of events which resulted in her son's death accountable.



POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1

**JURISDICTION**

2      7.      This action arises under Title 42 of the United States Code, Section 1983.

3   Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and

4   1343. The unlawful acts and practices alleged herein occurred in Dublin, California at Santa Rita

5   Jail, which is within this judicial district.

6

**PARTIES**

7

8      8.      Decedent YURI BRAND (hereinafter "Decedent") was an adult who died intestate

9   and unmarried. Decedent was the biological son of Plaintiff ERICA EDGERLY.

10     9.      Plaintiff ERICA EDGERLY (hereinafter "Plaintiff") is a competent adult, a resident

11  of California, and a citizen of the United States.  Plaintiff brings these claims individually on the

12  basis of 42 U.S.C. § 1983, the United States Constitution, and federal civil rights law and on behalf

13  of Decedent as his successor-in-interest. Plaintiff also brings these claims as Private Attorney

14

15  General, to vindicate not only her rights, but also others' civil rights of great importance.

16     10.     Defendant COUNTY OF ALAMEDA (hereinafter "Defendant COUNTY") is and at

17  all times herein mentioned a municipal entity duly organized and existing under the laws of the

18  State of California that manages and operates the ALAMEDA COUNTY SHERIFF'S OFFICE and

19

20  SANTA RITA JAIL.

21     11.     Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as

22  DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.

23  Defendants DOES 1 through 50 are employees of Defendant COUNTY.  Plaintiff will amend this

24  complaint to allege the true names and capacities of Defendants DOES 1 through 50 when

25  ascertained.  Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally

26
responsible and liable for the incident, injuries, and damages hereinafter set forth.  Each Defendant

27

28

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

DOE 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and failure to provide constitutionally adequate medical care.  Each Defendant DOE 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

12.    In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

13.    On February 1, 2024, Plaintiff filed a timely government tort claim with the Defendant COUNTY. The Defendant COUNTY rejected this claim on March 8, 2024.

## FACTUAL ALLEGATIONS

14.    On or about September 8, 2023, Decedent Yuri Brand, the son of Plaintiff Erica Edgerly, was taken into custody as a pre-trial detainee at Santa Rita Jail, which is operated by the Defendant County of Alameda. Mr. Brand was detained on non-violent charges relating to the burglary of an unoccupied home.

15.    Mr. Brand had been diagnosed with schizophrenia well before this detention in September 2023. Defendant County was aware of Mr. Brand's diagnosis, as he had been provided mental health medication and placed in mental health housing during previous, unrelated detentions at Santa Rita Jail.

16.    For unknown reasons Defendant County did not classify Mr. Brand as a behavioral health inmate nor make any other arrangements for his mental health during this detention. For example, Defendant County did not provide Mr. Brand medication for his schizophrenia over the

course of his 5 days in custody at Santa Rita Jail.

17.    On information and belief, yet-to-be-identified Alameda County Sheriff's Office classification deputies—hereinafter Defendant Does 1-50—instead placed Mr. Brand into general population to be housed in a shared cell on or about September 8, 2023.

18.    On September 13, 2023, Defendant Does 1-50 assigned Mr. Brand a cell mate: Bryson Levy. Defendant Does 1-50 assigned Mr. Levy to Mr. Brand's cell despite knowing that Mr. Levy had a criminal history of violence, sexual assault, the use of deadly weapons and mental health problems.

19.    Plaintiff hereby alleges that Mr. Levy's criminal history established that he was far too large of a safety risk to be placed in a shared cell and he should have been placed in a more restrictive housing unit.

20.    It is Plaintiff's understanding the police officers that arrested Mr. Levy and transported him to Santa Rita Jail had initially been called to place Mr. Levy on a 5150 involuntary mental health hold. Thus, Defendant Does 1-50 knew Mr. Levy had a violent past and was in the midst of a mental health episode.

21.    Nonetheless, Defendant Does 1-50 assigned him to share a cell with Mr. Brand, who had been brought into custody on a non-violent offense and was dealing with mental health issues of his own.

22.    Defendant Does 1-50 transported Mr. Levy to Mr. Brand's cell at approximately 11:42 AM on September 13, 2023. 46 minutes later, yet-to-be-identified deputies found Mr. Levy on top of Mr. Brand, who was unresponsive on the floor of his cell. Mr. Levy reportedly used a mattress to suffocate Mr. Brand to death. The deputies who were assigned to Mr. Brand's housing unit failed to keep adequate supervision over Mr. Brand and/or Mr. Levy as they left the two men unsupervised and alone without checking on them for an unreasonable amount of time.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

23.     Alameda County Coroner's Bureau prepared an investigative report that identified asphyxia and neck compression as the causes of Mr. Brand's death. Interestingly, when his family along with their lawyers examined Mr. Brand's body they discovered a large, jagged, cut which runs from the front to back of Mr. Brand's tongue. The Autopsy report fails to identify this obvious defect nor explain why Mr. Brand's tongue is in this condition. Moreover, Mr. Brand's family is also at a loss for understanding as to why Mr. Brand's scrotum is missing the top layer of skin.

24.     In light of the foregoing, it stands to reason that Mr. Brand was subjected to not only a deadly but lengthy attack without it ever being heard or observed by any Alameda County Sheriff's Office deputies or other County employees. Plaintiff alleges this further supports her claim that Defendant Does 1-50 failed to properly supervise Mr. Brand and/or Mr. Levy both of whom had significant documented mental health histories.

25.     Since Mr. Brand's passing, his mother, Ms. Erica Edgerly and her family have attempted to obtain information from Defendant County regarding how their loved one could have



been subjected to such a horrific death. Specifically, Ms. Edgerly has sought answers as to why

Defendant Does 1-50 assigned the two men to occupy the same cell and then left them

unsupervised.  Ms. Edgerly has not received any answers to her questions or concerns and is

thereby forced to file this lawsuit in order to figure out what happened to her beloved son and to

hold those who thus far have not been held accountable, accountable to the fullest extent of the law.



## DAMAGES

26.    As a direct and proximate result of each of the Defendants' failure to protect

Decedent from the obvious risk of being housed with a violent cellmate, Decedent and Plaintiff

suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity,

and pride as United States Citizens.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

27.     As a direct and proximate result of each Defendants' act and/or omission as set forth above, Plaintiff and Decedent sustained the following injuries and damages, past and future, among others:

    a.  Hospital and medical expenses;

    b.  Pain and Suffering, including emotional distress;

    c.  Violation of constitutional rights; and

    d.  All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

28.     The conduct of Defendants' Jail Staff was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Decedent and the public.  Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment – Failure to Protect under 42 U.S.C. Section 1983)**
*(Plaintiff as successor-in-interest to Decedent against Defendants DOES 1 -50)*

29.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

30.     Defendant DOES 1-50 assigned Decedent—whom they knew to have mental health issues for which they had failed to medically address —a cellmate who had a long criminal history of violence, sexual assault, and the use of deadly weapons who so happened to be in the midst of his own mental health crisis.

31.     By assigning Decedent a cellmate with such a propensity for violence and cruelty

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1  who was in the midst of a mental health episode, Defendant DOES 1-50 put Decedent at substantial

2  risk of suffering serious harm.

3      32.    Defendant DOES 1-50 could have avoided this risk all together by placing the

4  cellmate in his own cell, which was warranted given his criminal history and mental health

5  condition and/or crisis. This was a reasonable available measure that would have abated the risk

6  faced by Plaintiff. Defendant DOES 1-50, at a minimum, should have monitored Decedent's cell

7  after placing such a dangerous cellmate in the cell with him.

8

9      33.    Reasonable classification deputies in Defendant DOES 1-50's place would have

10  known that it was objectively unreasonable to place such a violent detainee in a shared cell with

11  Decedent when both were in the midst of experiencing a mental health crisis.

12      34.    By placing Mr. Levy in Decedent's cell, Defendant DOES 1-50's proximately

13  caused Decedent's death.

14

15      35.    By placing Mr. Levy in Decedent's cell and then failing to monitor, make rounds and

16  observations within reasonable periods of time commensurate to the level of threat posed by the two

17  men's criminal backgrounds and mental health histories coupled with failing to administer mental

18  health medications to Mr. Brand while Mr. Levy was in the midst of a mental health crisis,

19  Defendant DOES 1-50's proximately caused Decedent's death.

20      36.    By the actions and omissions described above, Defendants DOES 1-50 violated 42

21  U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional

22  rights protected by the Fourteenth Amendment to the United States Constitution:

23

24          a.   The right to protect Decedent from unreasonably unsafe harms as secured by the

25              Fourteenth Amendment.

26      37.    Defendants DOES 1-50 subjected Decedent to their wrongful conduct, depriving

27  Decedent of rights described herein with reckless disregard for whether the rights and safety of

28

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

Decedent would be violated by their acts and/or omissions.

38.     As a result of their misconduct, Defendants DOES 1-50 are liable for Plaintiff's injuries and/or damages.  Defendants DOES 1-50's conduct was egregious, outrageous, and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety, health, and wellbeing.  As such, Plaintiff is entitled to punitive damages and penalties as allowable under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)**
*(Plaintiff individually against Defendant DOES 1-50)*

39.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

40.     By the actions and omissions described, Defendants DOES 1-50 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment of the United States Constitution including:

a.   Right to familial association.

41.     Defendants DOES 1-50 subjected Decedent to their wrongful conduct, thereby depriving Decedent and Plaintiff of the rights described herein with reckless disregard for whether the rights and safety of Decedent, Plaintiff, and others would be violated by their acts and/or omissions. Defendants DOES 1-50 were objectively unreasonable by placing Mr. Levy in Decedent's cell and then failing to monitor, make rounds and observations within reasonable periods of time commensurate to the level of threat posed by the two men's criminal backgrounds and mental health histories coupled with failing to administer mental health medications to Mr. Brand while Mr. Levy was in the midst of a mental health crisis, Defendant DOES 1-50's proximately caused Decedent's death.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

42.     As a direct and proximate result of Defendant DOES 1-50's acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

43.     Defendants DOES 1-50's conduct was egregious, outrageous and shocks the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Decedent's safety, health and wellbeing. As such, Plaintiff is entitled to punitive damages and penalties as allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(Plaintiff individually against Defendants DOES 1-50 and COUNTY)*

44.     Plaintiff brings this "Bane Act" claim individually for the violation of his own rights.

45.     By their conduct described herein, Defendants DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.    Right to familial association.

46.     All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

47.     Defendant COUNTY is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

48.     As a direct and proximate result of Defendants' violations of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

including punitive damages against Defendants DOES 1-100, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence & Wrongful Death)
*(Plaintiff individually and as successor-in-interest against Defendants DOES 1-50 and COUNTY)*

49.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

50.     At all times, Defendants DOES 1-50 owed Decedent and Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

51.     At all times, Defendants DOES 1-50 owed Decedent and Plaintiff the duty to act with reasonable care.

52.     These general duties of reasonable care and due care owed to Decedent and Plaintiff by Defendants DOES 1-50 include, but are not limited to, the following specific obligations:

    a.     To protect Decedent from objectively unreasonable safety risks while housed as a pre-trial detainee at Santa Rita Jail;

    b.     To refrain from abusing their authority granted them by law;

    c.     To refrain from violating Plaintiff's and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

53.     Defendants DOES 1-50, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

54.     Defendants COUNTY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

55.    As a direct and proximate result of Defendants' negligence, Plaintiff and Decedent sustained injuries and damages pursuant to Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

56.    Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Defendants DOES 1-50 in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); and as otherwise may be allowed by California and/or federal law;

5.    Any and all permissible statutory damages;

6.    For injunctive relief, including but not limited to, changing the medical response procedures, policies, and guidelines for attending to schizophrenic inmates;

7.    For the cost of suit herein incurred; and

8.    For such other and further relief as the Court deems just and proper.


Dated: September 4, 2024          POINTER & BUELNA, LLP
                                  LAWYERS FOR THE PEOPLE

                                  /s/ ADANTÉ POINTER
                                  ADANTÉ POINTER
                                  PATRICK BUELNA
                                  TY CLARKE
                                  Attorneys for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

COMPLAINT FOR DAMAGES
EDGERLY v. COUNTY OF ALAMEDA, et al.

14