1  Richard W. Osman, State Bar No. 167993
   John K. Salcedo, State Bar No. 320340
2  BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone: (415) 353-0999
   Facsimile:  (415) 353-0990
5  Email:     rosman@bfesf.com
              jsalcedo@bfesf.com
6
7  Attorneys for Defendant
   COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, a municipal corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:24-cv-06232-WHO<br><br>**DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:     December 4, 2024<br>Time:     2:00 P.M.<br>Location: San Francisco Courthouse<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br><br>**Hon. William H. Orrick** |

i
DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

I.     SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED ............... 1

II.    STATEMENT OF FACTS ALLEGED BY PLAINTIFF ................................................... 2

III.   LEGAL ARGUMENT ............................................................................................................ 3

      A.     The Complaint Fails to State Facts to Withstand Dismissal Under FRCP Rule 12(b)(6) ............................................................................................................................... 3

      B.     Plaintiff Fails to Allege Sufficient Facts To Support Her Third Cause of Action for Violation of Cal. Civ. C. § 52.1 (Bane Act) ........................................................... 5

      C.     Plaintiff's Fourth Cause of Action against Defendant is Barred Under Govt. C. § 844.6 ............................................................................................................................ 5

IV.   CONCLUSION ..................................................................................................................... 6

ii

DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

**Table of Authorities**

**Cases**

*AE ex rel. Hernandez v. Cnty. of Tulare*
  666 F.3d 631 (9th Cir. 2012) ...........................................................................................4

*Albrecht v. Lund*
  845 F.2d 193 (9th Cir. 1988) .............................................................................................4

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................. 1, 3, 4

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) .............................................................................................3

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ................................................................................................. 1, 3, 4

*Caldwell v. Long Beach VA Hosp.*
  2022 WL 17361984 (C.D. Cal. Aug. 10, 2022) .................................................................3

*Chavez v. U.S.*
  683 F.3d 1102 (9th Cir. 2012) ...........................................................................................4

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) ...............................................................................................3

*Cornell v. City & Cnty. of S.F.*
  17 Cal. App. 5th 766 (Cal. Ct. App. 2017) ........................................................................5

*Eclectic Prop.'s East, LLC v. Marcus & Millichap Co.*
  751 F.3d 990 (9th Cir. 2014) .............................................................................................4

*Garcia v. State of California*
  247 Cal.App.2d 814 (1967) ...............................................................................................6

*Gauvin v. Trombatore*
  682 F.Supp. 1067 (N.D.Cal.1988) .....................................................................................3

*Ghazali v. Moran|*
  46 F.3d 52 (9th Cir. 1995) .................................................................................................3

*Lopez v. Smith*
  203 F.3d 1122 (9th Cir. 2000) ...........................................................................................4

*Lowman v. Los Angeles County*
  127 Cal.App.3d 613 (1982) ...............................................................................................6

*May v. County of Monterey*
  139 Cal.App.3d 717 (1983) ...............................................................................................5

*Maya v. Centex Corp.*
  658 F.3d 1060 (9th Cir. 2011) ...........................................................................................4

DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

| | |
|---|---|
| *Moss v. U.S. Secret Servs.*<br>572 F.3d 962 (9th Cir. 2009) | 4 |
| *Reyes ex rel. Reyes v. City of Fresno*<br>2013 WL 2147023 (E.D. Cal. May 15, 2013) | 3 |
| *Sandoval v. Cty. of Sonoma*<br>912 F.3d 509 (9th Cir. 2018) | 5 |
| *Starr v. Baca*<br>652 F.3d 1202 (9th Cir. 2011) | 4 |
| *Western Mining Council v. Watt*<br>643 F.2d 618 (9th Cir. 1981) | 3 |

**Statutes**

42 U.S.C. § 1983 ..............................................................................................................................1

California Civil Code § 52.1 ................................................................................................... 1, 2, 5

California Government Code § 844.6 ...................................................................................passim

**Rules**

Federal Rules of Civil Procedure, Rule 8 ......................................................................................3, 4

Federal Rules of Civil Procedure, Rule 8(a)(2) ................................................................................3

Federal Rules of Civil Procedure, Rule 8(d)(1) ................................................................................3

Federal Rules of Civil Procedure, Rule 12(b)(6) ................................................................ 1, 3, 4, 5

iv

DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

# NOTICE

TO PLAINTIFF ERICA EDGERLY: PLEASE TAKE NOTICE that on December 4, 2024, at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 2, 17th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant County of Alameda ("Defendant") will and hereby moves this Court for an order granting dismissal of Plaintiff's Complaint, for failure to state any claim upon which relief can be granted. This motion is brought pursuant to Federal Rules of Civil Procedure (FRCP), Rule 12(b), subsection (6), as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal is appropriate because the Complaint fails to allege facts sufficient to state claims upon which relief can be granted against Defendants. This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

Defendant also hereby requests a jury trial in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff Erica Edgerly ("Plaintiff") brings this action against Defendant County of Alameda for failure to protect Decedent Yuri Brand ("Decedent") under 42 U.S.C. section 1983 and state law torts arising out of the death of Decedent on September 8, 2023[1]. Plaintiff cannot maintain her state tort claims for violation of California Civil Code § 52.1 because the Complaint does not allege sufficient facts for her Third Cause of Action. The Complaint is devoid of facts and Plaintiff fails to meet his pleading burden to state facts showing a plausible right to relief against defendants. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007.)).)

Further, Plaintiff is barred from bringing her Fourth Cause of Action for Negligence and Wrongful Death against Defendant as Defendant is immune under California Government Code section 844.6.

---

[1] Plaintiff also brings First and Second Causes of Action for violation of Decedent's Fourteenth Amendment Rights against Doe defendants only. As the First and Second Causes of Action were not brought against Defendant, Defendant will not address these causes of action in this motion.

1

DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

Specifically, dismissal is warranted because:

(1) The Third Cause of Action for violation of Cal. Civ. C. § 52.1 is unsupported by facts to state any claim against Defendant; and

(2) The Fourth Cause of Action for Negligence and Wrongful Death cannot be maintained against Defendant as Defendant is immune under Govt. C.§ 844.6.

## II. STATEMENT OF FACTS ALLEGED BY PLAINTIFF

Plaintiff alleges in the Complaint that Decedent was taken into custody at Santa Rita Jail on September 8, 2023 and that Decedent was assigned to a cell with a cellmate named Bryson Levy who "was in the midst of his own mental health crisis and had a documented criminal history of violence, sexual assault, and use of deadly weapons. [. . .] Within 45 minutes of being placed in [Decedent's] cell, Mr. Levy reportedly killed [Decedent], using a mattress to suffocate him to death." (Dkt 3, 2:2 – 19.)

Plaintiff contends that the incident occurred because Defendant failed to classify Decedent as a behavioral health inmate and did not provide for Decedent's schizophrenia. (Dkt 3, 5:24 – 27.) Plaintiff contends Defendants should have known Decedent suffered from behavioral health issues before Decedent's detention in September 2023 because Defendant provided Decedent with mental health medication and placed Decedent in mental health housing during previous unrelated detentions at Santa Rita Jail. (Dkt 3, 5:19 – 23.)

Plaintiff alleges that on September 8, 2023, Decedent's deputies assigned decedent into general population to be housed in a shared cell. (Dkt 3, 6:2-4.) On September 13, 2023, Defendant's deputies assigned Mr. Levy to Decedent's cell "despite knowing that Mr. Levy had a criminal history of violence, sexual assault, the use of deadly weapons and mental health problems." (Dkt 3, 6:5 – 9.) Given Mr. Levy's criminal history, Plaintiff alleges that Defendant should have housed Mr. Levy in a more restrictive housing unit as (Plaintiff is informed and believes) Mr. Levy was subject to an involuntary 5150 mental health hold because he was in the midst of a mental health episode. (Dkt 3, 6:10 – 17.)

Mr. Levy was brought to Decedent's cell at approximately 11:42 a.m. on September 13, 2023. (Dkt 3 6:21 – 22.) Forty-six minutes later, Decedent's deputies found "Mr. Levy on top of [Decedent], who was unresponsive on the floor of his cell. Mr. Levy reportedly used a mattress to suffocate Decedent. The deputies who were assigned to [Decedent's] housing unit failed to keep adequate

supervision over [Decedent] and/or Mr. Levy as they left the two men unsupervised and alone without checking on them for an unreasonable amount of time. (Dkt 3: 21 – 27.)

### III. LEGAL ARGUMENT

#### A. The Complaint Fails to State Facts to Withstand Dismissal Under FRCP Rule 12(b)(6)

"Although courts must construe pleadings liberally in favor of *pro se* litigants, these same *pro se* litigants are bound by the rules of procedure." (*Caldwell v. Long Beach VA Hosp.,* 2022 WL 17361984 at *1 (C.D. Cal. Aug. 10, 2022)*, citing Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).) Federal Rules of Civil Procedure, Rule 8(a)(2) requires that a pleading present a "short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) mandates that "Each allegation of a pleading must be simple, concise and direct." A plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." (*Gauvin v. Trombatore,* 682 F.Supp. 1067, 1071 (N.D.Cal.1988); *Reyes ex rel. Reyes v. City of Fresno*, No. CV F 13-0418 LJO SKO, 2013 WL 2147023, at *4 (E.D. Cal. May 15, 2013).) "Specific identification of the parties to the activities alleged by the plaintiffs is required … to enable the defendant to plead intelligently." (*Reyes ex rel. Reyes,* 2013 WL 2147023, at *4.)

Dismissal under FRCP Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) The Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in the complaint. (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).)

FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation…**A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'…Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'**" [Emphasis added.] (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' … **A claim has facial**

**plausibility when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.** … The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" [Emphasis added.] (*Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Servs.*, 572 F.3d 962, 969 (9th Cir. 2009).) "**Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. … Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. … [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss ... where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not 'shown' – 'that the pleader is entitled to relief.'" [Emphasis added.] (*Iqbal*, 556 U.S. at 678-679.) Accordingly:

> [T]o be entitled to the presumption of truth, allegations in a complaint … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts … the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

(*Eclectic Prop.'s East, LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 996 (9th Cir. 2014); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).) "*Twombly* and *Iqbal*…distilled to their essence, impose two requirements. First, the reviewing court…is not required to credit legal conclusions…Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief." (*Maya v. Centex Corp.*, 658 F.3d 1060, 1067-1068 (9th Cir. 2011); *Chavez v. U.S.*, 683 F.3d 1102, 1109 (9th Cir. 2012).) Further, "leave to amend may be denied…if amendment of the complaint would be futile." (*Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).)

Plaintiff's state tort claims against Defendant fail as a matter of law as the Complaint fails to comply with Rule 8 pleading requirements and fails to state a claim against Defendant and Defendant is immune under Govt. C. § 844.6. Accordingly, the Third and Fourth Causes of Action as to the County should be dismissed under Rule 12(b)(6).

///

4

DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

B.  **Plaintiff Fails to Allege Sufficient Facts To Support Her Third Cause of Action for Violation of Cal. Civ. C. § 52.1 (Bane Act)**

The Complaint fails to allege sufficient facts to state a claim under the Bane Act. A Bane Act claim requires the plaintiff to allege sufficient facts showing that the plaintiff's rights were interfered with by threats, intimidation, or coercion. Cal. Civ. Code § 52.1(a). The Complaint does not allege any defendant interfered with Mr. Brand's rights through threat, intimidation, or coercion. Accordingly, the Bane Act claim fails as a matter of law as alleged against either the County or Doe defendants.

Second "'[t]he Bane Act requires that a defendant had a specific intent to violate the plaintiff's protected rights. This specific intent inquiry centers on two questions: "First, 'is the right at issue clearly delineated and plainly applicable under the circumstances of the case,' and second, 'did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?'" (*Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (quoting *Cornell*, 17 Cal. App. 5th at 803 (alterations omitted)). The Complaint does not allege any facts showing any defendant had the requisite intent required under *Sandoval*.

Moreover, the Third Cause of Action cannot be saved by an amendment and should be dismissed with prejudice. Plaintiff cannot plead new facts to save the Bane Act claim based upon the nature of the case. It is undisputed that Decent's death was not caused by a use of force by Defendant. Instead, Plaintiff alleges Decedent was killed by Mr. Levy because Defendant failed to properly classify Decedent and Mr. Levy. These facts support an inference of neglect. However, Plaintiff cannot allege facts which meet the plausibility standard in *Iqbal* that Defendant acted "with the particular purpose" of violating Decedent's Fourteenth Amendment rights. (*Sandoval*, *supra* 912 F.3d at p. 520.)

Accordingly, the Court should dismiss the Third Cause of Action under Rule 12(b)(6) **without leave to amend**.

C.  **Plaintiff's Fourth Cause of Action against Defendant is Barred Under Govt. C. § 844.6**

Defendant is immune from Plaintiff's Negligence and Wrongful Death claims under California Government Code section 844.6, which states "a public entity is not liable for...[a]n injury to any prisoner." (*See also May v. County of Monterey,* 139 Cal.App.3d 717, 721 (1983) ["Court of Appeal has concluded that as it now reads section 844.6 precludes actions against public entities for the wrongful

death of prisoners regardless of the underlying theory of liability]; *Lowman v. Los Angeles County*, 127 Cal.App.3d 613, 615 – 616 (1982) [Court of Appeal reviewing multiple cases pertaining to Govt. C. § 844.6 and finding public entities are immune from wrongful death of a prisoner in custody].) The California Court of Appeal also found that pursuant to Section 844.6, a "wrongful death action based upon a detainee's death caused by another detainee was barred once the question whether pretrial detainees were "prisoners" was affirmatively answered." (*Lowman*, *supra* 127 Cal.App.3d at p. 616 *citing Datil v. City of Los Angeles* (1968) 263 Cal.App.2d 655; *see also Garcia v. State of California* (1967) 247 Cal.App.2d 814, 817 ["No liability is imposed upon a public entity by reason of the death of a prisoner resulting from an act of the prisoner himself, acts of other prisoners, acts of prison employees, or acts of prison invitees, whether committed negligently or wilfully."].)

Decedent was arrested on September 8, 2023 for a nonviolent offense, therefore is a "prisoner" for the purposes of Section 844.6. (*Lowman*, *supra* 127 Cal.App.3d at p. 616.) Accordingly, Section 844.6 applies in this case. Plaintiff alleges that Decedent was killed by Mr. Levy while both were left unsupervised in Decedent's cell. As the California Court of Appeal held in *Garcia*, a public entity cannot be held liable for death of a prisoner resulting from acts of other prisoners. (*Garcia*, *supra* 247 Cal.App.2d at p. 817.) Accordingly, Plaintiff's Fourth Cause of Action should be dismissed as to Defendant **without leave to amend** because Plaintiff cannot plead additional facts to change Decedent's status as a "prisoner" for the purposes of Section 844.6.

### IV. CONCLUSION

For the reasons set forth above, Defendant respectfully submits that the instant motion to dismiss Plaintiff's Third and Fourth Causes of Action in the Complaint should be granted **without leave to amend**.

Dated: October 18, 2024          BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By:  */s/ John K. Salcedo*
    Richard W. Osman
    John K. Salcedo
    Attorneys for Defendant
    COUNTY OF ALAMEDA