Richard W. Osman, State Bar No. 167993
John K. Salcedo, State Bar No. 320340
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      rosman@bfesf.com
            jsalcedo@bfesf.com

Attorneys for Defendants
JACQUELINE SICARD, ERIK CASTILLO,
JEFFREY VAN ZEE, and OMAR VALERIO TRUJILLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE SICARD, in her individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; ERIK CASTILLO, in his individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; JEFFREY VAN ZEE, in his individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; OMAR VALERIO TRUJILLO, in his individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; ; and DOES 1-50, inclusive<br><br>Defendants. | Case No. 3:24-cv-06232-WHO<br><br>**DEFENDANTS JACQUELINE SICARD, ERIK CASTILLO, JEFFREY VAN ZEE, AND OMAR VALERIO TRUJILLO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Hon. William H. Orrick** |

Defendants JACQUELINE SICARD, ERIK CASTILLO, JEFFREY VAN ZEE, AND OMAR VALERIO TRUJILLO' ("Defendants") hereby request a jury trial in the above captioned matter and answer the Second Amended Complaint (SAC") of Plaintiff ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND ("Decedent") in the same order of paragraphs as set

1

forth by Plaintiff's SAC and allege as follows:

**ANSWER TO ALLEGATIONS TITLED "INTRODUCTION"**

1. Answering paragraph 1: Defendants admit Decedent was taken into custody at Santa Rita Jail on September 8, 2023, where he was in custody for five days. Defendants admit Decedent was diagnosed with schizophrenia and was placed into therapeutic housing. Defendants have no knowledge of the nature or character of Plaintiff's relationship with Decedent, and on that basis deny the remaining allegations contained within this paragraph.

2. Answering paragraph 2: Defendants admit Bryson Levy completed housing classification and was classified into therapeutic housing. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

3. Answering paragraph 3: Defendants admit Defendant VAN ZEE interacted with both Decedent and Levy on the morning of September 13, 2023 and Defendant VAN ZEE advised Levy he was looking for a cell for him. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

4. Answering paragraph 4: Defendants admit Defendants VAN ZEE, CASTILLO, and TRUJILLO escorted Levy to Decedent's cell and placed him inside. Defendants admit Mr. Levy exhibited behavioral health, mental health, and/or emotional disorders. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

5. Answering paragraph 5: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

6. Answering paragraph 6: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

**ANSWER TO ALLEGATIONS TITLED "JURISDICTION"**

7. Answering paragraph 7: Defendants admit that the events and/or omissions as alleged in the Complaint occurred in the County of Alameda, California only to the extent that this action is properly assigned to San Francisco Division of the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1391(b). Defendants admit this court has both jurisdiction of the parties and subject matter and venue is correct and except as expressly admitted.

## ANSWER TO ALLEGATIONS TITLED "PARTIES"

8. Answering paragraph 8: Defendants admit Decedent was an adult. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations stated either expressly or by implication in this paragraph.

9. Answering paragraph 9: Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations stated either expressly or by implication in this paragraph.

10. Answering paragraph 10: Defendant ERIK CASTILLO admits he was a deputy for the Alameda County Sheriff's Office. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

11. Answering paragraph 11: Defendant JEFFERY VAN ZEE admits he was a deputy for the Alameda County Sheriff's Office. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

12. Answering paragraph 12: Defendant OMAR VALERIO TRULILLO admits he was a deputy for the Alameda County Sheriff's Office. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

13. Answering paragraph 13: Defendant JACQUELINE SICARD admits she was a deputy for the Alameda County Sheriff's Office. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

14. Answering paragraph 14: Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations stated either expressly or by implication in this paragraph.

15. Answering paragraph 14: Defendants lack sufficient knowledge or information to form a

belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations stated either expressly or by implication in this paragraph.

16. Answering paragraph 16: Defendants deny Plaintiff presented a government claim on February 1, 2025. Defendants admit that Plaintiff presented a timely government claim on February 5, 2024 and that the claim was rejected on March 8, 2024.

## ANSWER TO ALLEGATIONS TITLED "FACTUAL ALLEGATIONS"

17. Answering paragraph 17: Defendants admit Decedent was taken into custody at Santa Rita Jail on September 8, 2023. Defendants admit Santa Rita Jail is operated by the County of Alameda. Defendants admit Decedent was detained on trespass related charges. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

18. Answering paragraph 18: Defendants admit on information and belief Decedent was diagnosed with schizophrenia before his detention in September 2023, that he had been provided mental health medication and placed in mental health housing during previous detentions at Santa Rita Jail. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

19. Answering paragraph 19: Defendants admit on information and belief Decedent was placed in mental housing following his intake and medical evaluation.

20. Answering paragraph 20: Defendant VAN ZEE admits he interacted with Decedent twice in his cell between 5:00 a.m. and 6:00 a.m. Defendant VAN ZEE admits he observed Decedent appeared confused and that there was trash on the floor of the cell. Defendant VAN ZEE further admits he did not transport Decedent to his scheduled court appointment that day because Mr. Brand was naked in his cell with a small towel and he did not verbally respond to him. Defendant VAN ZEE admits he described Decedent's behavior as "bizarre and aggressive" in his report.

21. Answering paragraph 21: Defendants admit Deputy Samuel Salazar advised Defendant SICARD that Levy was acting in a manner consistent with a psychological condition. Defendant SICARD admits she prepared an updated classification report for Levy after a mental health evaluation and classification interview. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

4

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

[Paragraphs 1–15 redacted]

26. Answering paragraph 26: Defendants admit Levy was not assigned to restrictive housing and was assigned to mental health housing to share a cell with Decedent. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

27. Answering paragraph 27: Defendants admit Levy was reassigned to the therapeutic housing unit where Decedent was held by 8:33 a.m. on September 13, 2023. Defendants admit that Defendant CASTILLO interacted with Levy and gave him the assigned clothing for the unit. Defendant CASTILLO admits his report states he observed Levy exhibited symptoms consistent with "behavioral health, mental, and/or emotional disorders." Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

28. Answering paragraph 28: Defendant VAN ZEE admits he interacted with Levy at about 8:43 a.m. and advised Levy he was looking for a cell to house Levy. Defendant VAN ZEE admits he saw Decedent naked in his cell and acting strangely less than three hours earlier that morning.

29. Answering paragraph 29: Defendants lack sufficient knowledge or information to form a

5

belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations stated either expressly or by implication in this paragraph.

30. Answering paragraph 30 Defendants CASTILLO, TRUJILLO, and VAN ZEE admit they escorted Levy to the cell where Decedent was housed. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

31. Answering paragraph 31: Defendant CASTILLO admits less than an hour later, at or about 12:24 p.m. on September 13, he returned to the cell where Levy and Decedent were housed and observed Decedent lying on his back on the floor of the cell, covered by a mattress, with his body "positioned in an unusual and irregular way". Defendant CASTILLO denies seeing Levy seated on a stool.

32. Answering paragraph 32: Defendants admit deputies removed Levy from the cell to check on Decedent. Defendants lack sufficient knowledge or information to form a belief as to whether Decedent was dead when initially found, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

33. Answering paragraph 33: Defendants admit the photographs of Levy show he was not injured. Defendants admit Decedent was found with a laceration to his testicle. Defendants lack sufficient knowledge or information to form a belief as to whether Decedent's chest was fractured upon discovering him and the cause of Decedent's injuries, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

34. Answering paragraph 34: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

35. Answering paragraph 35: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

36. Answering paragraph 36: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

**ANSWER TO ALLEGATIONS TITLED "DAMAGES"**

37. Answering paragraph 37: Defendants deny they failed to protect Decedent from an obvious risk associated with housing him in the same cell as Levy. Defendants deny Plaintiff's injuries

are the result of their wrongful or tortious conduct. Defendants lack sufficient knowledge or information to form a belief as to the impact Decedent's death had on Plaintiff, and on that basis deny each and every of the remaining allegations stated either expressly or by implication in this paragraph.

38. Answering paragraph 38: Defendants deny each and every allegation stated either expressly or by implication by this paragraph, including subparts.

39. Answering paragraph 39: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

**ANSWER TO ALLEGATIONS TITLED "FIRST CAUSE OF ACTION"**
**(Fourteenth Amendment – Failure to Protect under 42 U.S.C. § 1983)**
*(Plaintiff as successor-in-interest to Decedent against Defendants SICARD, CASTILLO, VAN ZEE, TRUJILLO, and DOES 1 -50)*

40. Answering paragraph 40: Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

41. Answering paragraph 41: Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph concerning Mr. Levy's cell assignment, and on that basis deny the allegation pertaining to Mr. Levy's cell assignment. Defendants deny each and every remaining allegation stated either expressly or by implication by this paragraph.

42. Answering paragraph 42: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

43. Answering paragraph 43: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

44. Answering paragraph 44: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

45. Answering paragraph 45: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

46. Answering paragraph 46: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

47. Answering paragraph 47: Defendants deny each and every allegation stated either expressly or by implication by this paragraph, including subparts.

48. Answering paragraph 48: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

49. Answering paragraph 49: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

**ANSWER TO ALLEGATIONS TITLED "SECOND CAUSE OF ACTION"**
**(Negligence & Wrongful Death)**
*(Plaintiff individually and as successor-in-interest against Defendants* SICARD, CASTILLO, VAN ZEE, TRUJILLO and DOES 1-50*)*

50. Answering paragraph 50: Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

51. Answering paragraph 51: Defendants admit they owed Plaintiff a duty to act with due care in the execution and enforcement of any right, law, or legal obligation. Defendants deny their acts or omissions alleged herein were a breach of any duty owed to Plaintiff.

52. Answering paragraph 52: Defendants admit they owed Plaintiff a duty to act with reasonable care. Defendants deny their acts or omissions alleged herein were a breach of any duty owed to Plaintiff.

53. Answering paragraph 53: This paragraph contains legal conclusions for which Defendants lack sufficient knowledge or information to form a belief as to the alleged legal conclusions set forth in this paragraph, and on that basis deny each and every of the allegations stated either expressly or by implication in this paragraph. Defendants deny their acts or omissions alleged herein were a breach of any duty owed to Plaintiff.

54. Answering paragraph 54: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

55. Answering paragraph 55: Defendants deny each and every allegation stated either expressly or by implication by this paragraph.

**ANSWER TO ALLEGATIONS TITLED "JURY DEMAND"**

56. Answering Jury Demand: The paragraph contains a jury demand and does not require a response from Defendants.

///

## ANSWER TO ALLEGATIONS TITLED "PRAYER"

57. Answering Request for Relief sub-paragraphs 1 – 8: Defendants deny Plaintiff has been damaged and further deny Defendants caused any damages and deny that Plaintiff is entitled to any recovery against these answering Defendants.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state facts sufficient to constitute any cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840, 842, 843, 844, 845 and 850 for any police conduct/action relating to the incident complained of by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendants, at all times referred to in Plaintiff's Second Amended Complaint, acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines, and judicial authorities.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as they exercised due care in the execution and enforcement of the law relative to Plaintiff and/or are immune for invalid or inapplicable enactments.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs,* 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant state and federal statutes and/or regulations.

## NINTH AFFIRMATIVE DEFENSE

The losses and damages complained of by Plaintiff were caused by the negligent acts or omissions of persons other than Defendants, which negligence either is imputed to them or comparatively reduces the negligence and liability, if any exists, of Defendants.

## TENTH AFFIRMATIVE DEFENSE

Damages for alleged attorneys' fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that Decedent was an inmate during the time of the events alleged as misconduct in this lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege the injuries and damages of which Plaintiff complains, if any, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring Plaintiff from recovery against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to Government Code Section 845.6 for the failure to obtain or furnish medical care for any prisoner within their custody.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiff takes nothing by this action;

2. Judgment be entered in favor of the Defendants and against Plaintiff;

3. The Defendants be awarded their reasonable attorneys' fees;

4. The Defendants be awarded their costs of suit herein; and

5. The Defendants be awarded such further relief as this Court deems just and proper.

Dated: April 25, 2025       BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By: _____/s/ John K. Salcedo_____
　　　Richard W. Osman
　　　John K. Salcedo
　　　Attorneys for Defendant
　　　JACQUELINE SICARD, ERIK CASTILLO,
　　　JEFFREY VAN ZEE, and OMAR VALERIO
　　　TRUJILLO