**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff
ERICA EDGERLY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND;<br><br>　　　　Plaintiff,<br>v.<br><br>JACQUELINE SICARD, et al.<br><br>　　　　Defendants. | Case No.: 3:24-cv-06232-WHO<br><br>NOTICE OF AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS<br><br>Date: December 3, 2025<br>Time: 2:00 PM<br>Place: Courtroom 2, 17th Floor |

## NOTICE OF MOTION FILING

**PLEASE TAKE NOTICE** that on December 3, 2025 at 2:00 p.m., or as soon as this matter may be heard in front of the Honorable Judge William H. Orrick, in the United State District Court, Northern District, San Francisco Courthouse, Courtroom 2—17th Floor, 450 Golden Gate Ave, San Francisco, CA, Plaintiff's counsels will move to withdraw as counsels of record due to irreconcilable differences and conflict.

## I. INTRODUCTION

Unfortunately, Plaintiff's counsels of record and Plaintiff have come to a point of irreconcilable difference and conflict that makes it impossible for Plaintiff's counsels to represent Plaintiff.

Plaintiff and their attorneys have developed an actual conflict between one another and irreconcilable differences developed which cannot be overcome despite reasonable efforts to resolve it.

Plaintiff's counsels respectfully request the Court to grant his request to withdraw as counsels of record. Plaintiff's counsels have explained to Plaintiff that they would be filing a motion to withdraw and that Plaintiff should begin searching for a new attorney.

## II. PROCEDURAL & FACTUAL CONTEXT

On September 4, 2025, Plaintiff filed her Complaint. (ECF 1). On October 18, 2024, Defendant County of Alameda filed a Notice of Motion and Motion to Dismiss Plaintiff's Complaint. (ECF 15). On November 1, 2024, Plaintiff filed an Opposition to Defendant County of Alameda's Notice of Motion and Motion to Dismiss Plaintiff's Complaint. (ECF 17). On December 2, 2024, the Court issued an order granting Defendant's Motion to Dismiss Claim 3 and Claim 4 of the Complaint with leave to amend Claim 3 only. (ECF 24).

On December 23, 2024, Plaintiff filed a First Amended Complaint for Damages. (ECF 31). On January 15, 2025, a Settlement Conference was set for May 8, 2025 before Magistrate Judge Sallie Kim. (ECF 34). On March 3, 2025, the Court granted Plaintiff leave to file a Second Amended Complaint and on the same day Plaintiff filed a Second Amended Complaint. (ECF 38 & 39).

On June 3, 2025, a Case Management Conference was held before Judge William H. Orrick and a Further Case Management Conference was set for December 2, 2025. (ECF 55). On June 6, 2025, a Scheduling Conference was held before Magistrate Judge Sallie Kim and a Settlement Conference

was set for September 3, 2025. (ECF 56).  On September 3, 2025, a Scheduling Conference was held before Magistrate Judge Sallie Kim and a new Settlement Conference was set for December 5, 2025. (ECF 63).

Currently, the Court set a discovery schedule is set for:

Close of Fact Discovery: November 3, 2025
Expert Disclosure : November 17, 2025
Expert Rebuttal: December 10, 2025
Expert Discovery Cutoff: January 10, 2026
(ECF 55).

In the last few months, a conflict arose between counsels and Plaintiff that they tried to work through. (Declaration of Adante Pointer). Both sides made significant efforts to resolve their current conflict but were unable to do so. (*Id.*) There now is an irreconcilable conflict that requires Plaintiff's counsels to withdraw from the case and has informed Plaintiff of their intentions to do so. (*Id.*)

On October 2, 2025, Plaintiff's counsels informed Defendants that they intended to file a motion to withdraw as counsel due to an irreconcilable conflict with the Plaintiff and requested a continuance of the discovery schedule. (*Id.*) Defendants agreed to a stay while Plaintiff finds new counsel or decides to proceed pro se. (*Id.*)

Plaintiff's counsel now files to withdraw as counsel and will provide a copy of this motion to Plaintiff Erica Edgerly. (*Id.*)

**III.    LEGAL ANALYSIS**

Local Rule 182, provides that an attorney must obtain leave of court to withdraw leaving a client without counsel and that must apply by noticed motion with notice to the client and all other parties. Counsel must further provide an affidavit state the current or last known address of the client and the efforts made to notify the client of the motion.  Such withdrawal to be governed by the Rules of

Professional Conduct of the State Bar of California, and permission to withdraw is discretionary. *See Washington v. Sherwin Real Estate*, 694 F.2d 1081, 1087 (7th Cir.1982).

California Rules of Professional Conduct, Rule 3-700 governs the termination of the attorney-client relationship. Rule 3-700 and permits an attorney to withdraw from representation without the consent of a client.

However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3–700(A)(2), which provides that counsel "shall not withdraw from employment until the [attorney] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3–700(D) [return of client papers and property and unearned fees], and complying with applicable laws and rules." *See El Hage v. U.S. Sec. Assocs., Inc.*, (No. 06–7828), 2007 WL 4328809 at *1 (N.D.Cal.2007).

Plaintiff's counsels cannot in full faith continue to represent Plaintiff with an irreconcilable conflict that prevents and interferes with Plaintiff's counsels' ability to properly litigate Plaintiff's case and represent their interests.

Plaintiff's counsels took reasonable steps to avoid this prejudice, made efforts to resolve it and informed Plaintiff months ago to seek new counsel.

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489 at *2 (E.D.Cal.2009).

(1) Here, the reason Plaintiffs counsels are seeking to withdraw is straightforward: there exists a conflict of interest and there are irreconcilable differences that have developed.

(2) There is very little prejudice ultimately to the parties. There is still time to seek new counsel, and Plaintiffs may very well already have new counsel. Furthermore, no depositions were taken. Defendants have agreed to a stay in the case so that Plaintiff can litigate her case.

(3) The greatest the harm that withdrawal might cause to the administration of justice will be against the Plaintiff who has current counsels of record with conflicts of interest and irreconcilable differences.

(4) The withdraw will not very likely delay the case substantively. Once the stay is lifted, the parties can agree to a new case schedule and trial date – especially since the trial date has not even been set.

In sum, there has arisen a conflict of interest and irreconcilable differences with Plaintiffs' attorneys of record that make it impossible to effectively represent Plaintiffs in this case.

## IV.   CONCLUSION

Plaintiffs' counsels (Adante Pointer, Ty Clarke, Marlon Monroe, Matthew Norman and Patrick Buelna) respectfully request this Court to withdraw as counsel of record and permit the Plaintiff to seek new counsel or proceed pro se.

Dated: October 21, 2025               POINTER & BUELNA, LLP

                                      **/s/  Patrick Buelna**
                                      PATRICK BUELNA
                                      Attorneys for Plaintiff