Richard W. Osman, State Bar No. 167993
John K. Salcedo, State Bar No. 320340
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      rosman@bfesf.com
            jsalcedo@bfesf.com

Attorneys for Defendants
JACQUELINE SICARD, ERIK CASTILLO,
JEFFREY VAN ZEE, and
OMAR VALERIO TRUJILLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND<br><br>        Plaintiff,<br><br>v.<br><br>JACQUELINE SICARD, in her individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; ERIK CASTILLO, in his individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; JEFFREY VAN ZEE, in his individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; OMAR VALERIO TRUJILLO, in his individual capacity as a deputy for the ALAMEDA COUNTY SHERIFF'S OFFICE; ; and DOES 1-50, inclusive.<br><br>        Defendants. | Case No. 3:24-cv-06232-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><br>Date:          December 2, 2025<br>Time:         2:00 P.M.<br>Location     Zoom<br><br><br><br><br><br>**Hon. William H. Orrick** |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

Plaintiff ERICA EDGERLY and Defendants JACQUELINE SICARD, ERIK CASTILLO, JEFFREY VAN ZEE, and OMAR VALERIO TRUJILLO ("County Defendants") jointly submit the following Joint Case Management Statement for the Case Management Conference currently scheduled for December 2, 2025 pursuant to the Northern District of California's Standing Order concerning the "Contents of Joint Case Management Statement," Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f).

**1.    JURISDICTION AND SERVICE**

This action arises under Title 42 of the United States Code § 1983. Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343. Jurisdiction and venue are not in dispute. All named defendants have been served with the complaint. The Doe defendants have not been served.

**2.    FACTS**

Plaintiff's Statement:

On September 8, 2023, Decedent Yuri Brand was taken into custody as a pre-trial detainee at Santa Rita Jail for non-violent charges. Decedent had previously been diagnosed with schizophrenia and the Defendant County and Defendant Does were aware of this diagnosis, as Decedent had been provided medication and been placed in mental health housing during previous, unrelated detentions at Santa Rita Jail. Despite being aware of Decedent's schizophrenia diagnosis, Defendants did not classify Decedent as a behavioral health inmate nor make any other arrangements for his mental health during his detention, such as providing Decedent with medication for his schizophrenia. Instead, Defendant Does placed Decedent into general population housing.

On September 13, 2023, Defendant Does assigned Bryson Levy to be Decedent's cellmate, despite knowing that Levy was far too large a safety risk to be placed in a shared cell with another inmate. Defendant Does knew Levy had a criminal history of violence, sexual assault, the use of deadly weapons, and was in the midst of his own mental health episode. Defendant Does 1-50 chose not to house Levi in his own cell nor take any other reasonable available measures to reduce the risk of violence posed by Levi, such as monitor Decedent's cell or make rounds and observations within reasonable periods of time.

Due to Defendant Does' decision to house Levi with Decedent, and Defendant Does' failure to keep adequate supervision, Mr. Levi killed Decedent within 46 minutes of being housed with Decedent by using a mattress to suffocate him. Decedent was subjected to a deadly and lengthy attack, which is evidenced by a large, jagged, cut running from the front to back of Decedent's tongue, as well as the top layer of skin missing from Decedent's scrotum.

Defendant's Statement:

At around 11:36 a.m. on September 13, 2023, the County of Alameda ("County"), after conducting a classification survey, administered by JACQUELINE SICARD ("SICARD") assigned Bryson Levy to Decedent Yuri Brand's Cell (HU 9, C pod, Cell 11 ("C-11")) at Santa Rita Jail ("SRJ"). The COUNTY did not have notice that either Mr. Levy or Mr. Brand were unsuitable for shared housing. Neither Mr. Levy nor Mr. Brand were incarcerated at SRJ pending charges for serious and/or violent offenses. Likewise, neither Mr. Levy nor Mr. Brand had been charged and/or convicted of a violent offense in the 10 years preceding the incident. When Sheriff's deputies, including OMAR VALERIO TRUJILLO ("TRUJILLO"), escorted Mr. Levy to C-11, Mr. Levy had a cheerful and cooperative demeanor and entered the cell without resistance and did not complain to the deputies about having a cellmate or having Mr. Brand assigned as his cellmate. Prior to Mr. Levy's assignment with Mr. Brand, Mr. Brand had other cellmates without serious incident.

A Sheriff's deputy served Mr. Brand and Mr. Levy lunch at 11:47 a.m. JEFFREY VAN ZEE ("VAN ZEE"), the deputy in charge of lunch service gave the occupants of C-11 lunch through the handcuff port. Through the cell door window and handcuff port, the deputy serving lunch had a clear and unobstructed view of C-11. The deputy did not observe any evidence of aggression or animosity between Mr. Brand and Mr. Levy. The deputy left the lunches on the handcuff port as the occupants did not immediately take them.

At 12:21 p.m., while conducting a welfare check of the housing unit, ERIK CASTILLO ("CASTILLO") observed the handcuff port of C-11 open and lunch packages on the floor some distance away from the door. The deputy went to C-11 to investigate and found Mr. Brand under a mattress and Mr. Levy sitting on top of the mattress. The deputy immediately ordered Mr. Levy to submit to being handcuffed and removed Mr. Levy from C-11.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

After removing C-11, the deputies assigned to the housing unit entered C-11 and found Mr. Brand unresponsive. The deputies immediately started lifesaving efforts and announced "Code-3" to activate an emergency response consistent with SRJ policies. Medical staff arrived to assist with lifesaving efforts at 12:32 p.m. At 12:41 p.m., personnel with the Alameda County Fire Department arrived and aided with lifesaving efforts. After lifesaving efforts were not successful, the Alameda County Fire Department pronounced Mr. Brand deceased at 1:15 p.m.

The COUNTY investigated the incident. During the COUNTY'S investigation, Mr. Levy made verbal and written statements admitting to killing Mr. Brand, claiming he did so in self-defense.

**3.    LEGAL ISSUES**

1.    Whether County Defendants violated Decedent and/or Ms. Edgerly's civil rights;

2.    Whether County Defendants are entitled to qualified immunity; and

3.    Whether County Defendants were responsible for the wrongful death of Decedent.

**4.    MOTIONS**

County Defendants anticipate they will file for Summary Judgment or In The Alternative Partial Summary Judgment on the grounds that they did not violate Plaintiffs' constitutional rights, on qualified immunity and on the ground that they were not negligent.

Plaintiff may file for Partial Summary Judgment. Plaintiff's counsel filed a motion to withdraw as counsel. The hearing on Plaintiff's counsel's motion is set for December 2, 2025.

**5.    AMENDMENT OF PLEADINGS**

Plaintiff filed her Second Amended Complaint ("SAC") on March 3, 2025 naming two new individual defendants. The County Defendants filed their answer to the SAC on April 25, 2025.

**6.    EVIDENCE PRESERVATION**

The parties will comply with all applicable preservation requirements under federal law.

**7.    DISCLOSURES**

Initial Disclosures were exchanged on December 20, 2024.

**8.    DISCOVERY**

Defendants will need to conduct the following discovery: (1) deposition of Plaintiff; (2) written discovery; (3) witness depositions; and (4) expert discovery related to Plaintiff's alleged injuries and

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

Constitutional tort allegations with respect to Mr. Brand. The parties do not believe any changes should be made to the limitations on discovery imposed under the FRCP.

Plaintiff served her first set of Rule 34 Requests for Production of Documents on the COUNTY on November 27, 2024. Plaintiff will need to depose relevant COUNTY employees and third-party witnesses in addition to conducting expert discovery.

**9.      CLASS ACTIONS**

This is not a class action.

**10.     RELATED CASES**

Case No. 23-CR-009145; *People of California v. Bryson Wayne Levy*; Superior Court of the State of California, County of Alameda.

**11.     RELIEF**

Plaintiff seeks damages as identified in the Operative Complaint.

**12.     SETTLEMENT AND ADR**

The Parties filed their ADR Certifications and prefer to discuss ADR at the case management conference.

**13.     OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration.

**14.     NARROWING OF ISSUES**

The issues may be narrowed or disposed of by motions for summary judgment and/or partial summary judgment. The parties currently have no suggestions for expediting presentation of evidence at trial but will reconsider that possibility after the case becomes more defined as it approaches trial.

**15.     SCHEDULING**

The Court previously issued the pre-trial deadlines and trial date of June 3, 2026 in its June 3, 2025 Case Management Order. (Dkt. No. 55.) The Court vacated all previous cutoff dates when granting the parties' request for temporary stay. (Dkt. No. 68.)

This case was initially filed on September 5, 2024. Judge Kim initially set a mandatory settlement conference for January 14, 2025. The settlement conference was previously reset 3 times. This case has been significantly delayed, now Plaintiff's counsel is withdrawing from the case. Given the age of this

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

case, the County Defendants request the Court order Plaintiff to either substitute new counsel or indicate that she is representing herself within 60 days.

**16.    TRIAL**

Given Plaintiff's situation with obtaining counsel, the parties are not in a position to propose a future trial date.

**17.    DISCLOSURE OF NONPARTY INTERESTED ENTITIES OR PERSONS**

Civil L.R. 3-16 does not apply to governmental entities.

**18.    PROFESSIONAL CONDUCT**

Attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    MISCELLANEOUS**

The parties are unaware of any other matters at this time that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated:  November 25, 2025                  BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By: _____ */s/ John K. Salcedo* _____
          Richard W. Osman
          John K. Salcedo
          Attorneys for Defendant
          COUNTY OF ALAMEDA


Dated:  November 25, 2025                  POINTER & BUELNA, LLP


By: _____ */s/ Patrick M. Buelna* _____
          Adanté D. Pointer
          Patrick M. Buelna
          Ty L. Clarke
          Attorneys for Plaintiff
          ERICA EDGERLY

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*

## ELECTRONIC CASE FILING ATTESTATION

I, John K. Salcedo, hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document or have been authorized by counsel to show their signature on this document as /s/.

Dated: November 25, 2025                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

                                            /s/ John K. Salcedo
                                            John K. Salcedo

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Edgerly v. County of Alameda*, U.S.D.C. Northern District of California Case No.: *3:24-cv-06232-WHO*