PLAINTIFF'S MOTION FOR CONTINUANCE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

Case No. 3:24-cv-06232-WHO

ERICA EDGERLY, Plaintiff,

v.

COUNTY OF ALAMEDA, et al., Defendants.

PLAINTIFF'S MOTION FOR CONTINUANCE

I. INTRODUCTION

Plaintiff Erica Edgerly, proceeding pro se, respectfully moves for a 30-day continuance of the current deadlines in this case. On December 2, 2025, the Court granted a 60-day stay of the scheduling order following withdrawal of Plaintiff's counsel. Because most of that stay period overlapped with year-end holiday closures, Plaintiff has been unable to retain replacement counsel in time to meet the current deadlines. Plaintiff has diligently sought new counsel but, despite good-faith efforts, has been delayed by office closures around the holidays. Counsel for Defendants has indicated that Defendants do not oppose a reasonable extension. For the reasons discussed below, good cause exists to extend the stay an additional 30 days so that Plaintiff may secure counsel and participate meaningfully in this litigation without unfair prejudice.

II. LEGAL BASIS FOR CONTINUANCE

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. Courts define good cause as a situation where the deadlines cannot be met despite the moving party's diligence. Rule 6(b)(1) likewise authorizes the Court to extend any deadline for good cause. In this District, Civil Local Rule 6-3 similarly permits a party to seek additional time by motion, so long as the moving party identifies the prejudice or harm that would result from denial. Here, Plaintiff has shown diligence and has identified substantial reasons why more time is needed: specifically, the overlapping holiday schedule impeded her ability to secure counsel. These circumstances fall squarely within the established good-cause standard for extending scheduling deadlines.

III. GOOD CAUSE EXISTS FOR A CONTINUANCE

Plaintiff's withdrawal of counsel was unexpected and required time for replacement counsel to be found. When the Court granted a 60-day stay on December 2, 2025, that period necessarily included the weeks of late December and early January, during which many law offices were closed or operating on reduced hours for the winter holidays and New Year. As a result, scheduling consultations and finalizing representation took longer than anticipated. Despite placing multiple calls and inquiries immediately after her former counsel's withdrawal, Plaintiff was unable to meet with new attorneys and formally retain representation before the stay expired. Throughout this process, Plaintiff has acted with diligence and in good faith, seeking legal help as soon as possible. The delay stems from external factors rather than any lack of effort or improper motive by Plaintiff.

Additional time is warranted to avoid prejudicing Plaintiff's case. Without an extension, Plaintiff will be required to proceed pro se under constrained deadlines, which would unfairly disadvantage her and

undermine the Court's interest in having claims adjudicated on their merits. In contrast, granting a brief continuance will not unduly burden Defendants: Defendants' counsel has confirmed there is no objection to a 30-day extension. Courts routinely grant extensions when, as here, a party needs time to retain counsel and has been diligent in trying to meet the schedule.

IV. REQUEST FOR RELIEF

For these reasons, Plaintiff respectfully requests that the Court grant a 30-day continuance beyond the current schedule for Plaintiff to secure counsel and comply with any pending deadlines. Plaintiff further requests that the Court modify the case management schedule accordingly so that any remaining dates are extended by 30 days.

DATED: January 2, 2026

Respectfully submitted,

/s/ Erica Edgerly ERICA EDGERLY Pro Se Plaintiff