Erica Edgerly
In Propria Persona

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERICA EDGERLY,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 3:24-cv-06232-WHO<br><br>**NOTICE OF MOTION AND MOTION FOR FURTHER CONTINUANCE AND EXTENSION OF STAY**<br><br>Date: May 19, 2026<br>Time: _____<br>Judge: Hon. William H. Orrick |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Erica Edgerly, proceeding pro se and in propria persona, hereby moves the Court for a further continuance and extension of the current stay and related case deadlines for sixty (60) days, or for any shorter period the Court deems just and proper.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum, the records and pleadings on file in this action, the Court's prior orders, and any further argument the Court may consider at the case management conference or otherwise.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Erica Edgerly, proceeding pro se, respectfully requests a further continuance and extension of the current stay and related deadlines in this case. The Court previously allowed time for Plaintiff to address the withdrawal of prior counsel and to seek replacement counsel. Since that time, Plaintiff has continued to act diligently and in good faith to secure competent successor counsel for this complex federal civil-rights and wrongful-death matter.

Good cause exists for a further extension because prior counsel's withdrawal has created practical prejudice to Plaintiff. The withdrawal is publicly reflected on the docket, and prospective firms reviewing the matter have expressed hesitation or required additional time to evaluate the procedural posture, discovery history, and existing record before deciding whether they can ethically and effectively appear in the case.

Plaintiff does not seek delay for tactical advantage. Plaintiff seeks a limited extension so that she is not forced to proceed without counsel in a complex action involving a custodial death,

- 1 -

discovery materials, body-worn camera footage, medical and jail records, constitutional claims, and municipal-liability issues.

## II. LEGAL BASIS FOR CONTINUANCE

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the Court's consent. Rule 6(b)(1) likewise authorizes the Court to extend deadlines for good cause. Civil Local Rule 6-3 permits a party to seek additional time upon a showing of the reasons for the requested extension and the harm or prejudice that would result if the request were denied.

The requested extension is also consistent with the Court's inherent authority to manage its docket in a manner that promotes fairness, efficiency, and orderly adjudication of cases on their merits.

## III. GOOD CAUSE EXISTS FOR A FURTHER CONTINUANCE AND EXTENSION OF STAY

Plaintiff has used the previously granted time to continue consulting with prospective successor counsel and to make case materials available for review. Those efforts have been active and ongoing. However, several practical circumstances have slowed completion of the retention process.

First, this case is procedurally and factually complex. It involves claims arising from the death of Yuri Brand while in custody and requires review of pleadings, discovery, defense disclosures, body-worn camera footage, medical records, jail records, and other materials. Successor counsel must be able to evaluate the existing record before deciding whether to appear.

Second, prior counsel's withdrawal is public on the docket. That public withdrawal has created additional hesitation for prospective counsel because any new firm must evaluate the withdrawal, the procedural posture, the status of discovery, existing deadlines, and whether the firm can enter the case effectively at this stage. This prejudice is not caused by any lack of diligence by Plaintiff.

Third, denying a further extension would risk forcing Plaintiff to proceed immediately without counsel in a complex federal civil-rights case. That result would create substantial prejudice and could lead to unnecessary procedural disputes, inefficient case management, and avoidable hardship.

A short additional extension will serve the interests of justice. It will allow Plaintiff additional time to complete the successor-counsel process, while also promoting orderly case management and meaningful participation in the remaining proceedings. Defendants will not suffer undue prejudice from a limited extension because the requested relief is temporary and directed toward allowing the case to proceed fairly on the merits.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a further continuance and extension of the current stay and related deadlines for sixty (60) days, or for any shorter period the Court finds appropriate. Plaintiff further requests that all related case management deadlines, discovery obligations, conference dates, and other scheduled dates be adjusted accordingly.

DATED: May 19, 2026

Respectfully submitted,

/s/ Erica Edgerly
**ERICA EDGERLY**
Pro Se Plaintiff