Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA EDGERLY, individually and as successor-in-interest to Decedent YURI BRAND,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE SICARD; ERIK CASTILLO; JEFFREY VAN ZEE; OMAR VALERIO TRUJILLO; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:24-cv-06232-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 1, 2026<br>Time: 2:00 p.m.<br>Place: Via Zoom videoconference<br>Judge: Hon. William H. Orrick |

The parties file this Joint Case Management Statement pursuant to Civil Local Rule 16-10(d), the Standing Order for All Judges of the Northern District of California, and the Clerk's Notice of November 13, 2026 (Dkt. 97):

**1.** **Jurisdiction and Service**: Subject matter jurisdiction over Plaintiff's federal claim is based upon 28 U.S.C. §§ 1331 and 1343, and over her state-law claim upon 28 U.S.C. § 1367(a). There are no counterclaims. Defendants Sicard, Castillo, Van Zee, and Trujillo were served on March 31, 2025 (Dkts. 43–46) and answered the Second Amended Complaint on April 25, 2025 (Dkt. 50). There is no dispute over personal jurisdiction or venue. No named party remains to be served.

**2.** **Facts**:

Plaintiff:

Plaintiff Erica Edgerly is the mother and successor-in-interest of Yuri Brand, who was killed by his cellmate at Santa Rita Jail on September 13, 2023. Mr. Brand, who had been diagnosed with

schizophrenia, was booked into the jail as a pretrial detainee on September 8, 2023 on non-violent charges and was placed in mental health housing. Early on the morning of September 13, Defendant Van Zee observed Mr. Brand naked, confused, and non-responsive in his cell and did not transport him to a scheduled court appearance. Notwithstanding Mr. Brand's debilitated condition, deputies but a violent, mentally ill detainee in the cell with him.

Also in the morning of September 13, another deputy reported that detainee Bryson Levy was displaying psychologically concerning behavior and Defendant Sicard prepared an updated classification for Mr. Levy. Mr. Levy had a documented history of violence, including assaults on other inmates at Santa Rita Jail, and had previously been held there in restrictive housing without a cellmate, but that Defendant Sicard nonetheless classified him to mental health housing, where he could be celled with another detainee. Defendant Castillo wrote that on first contact he recognized that Mr. Levy exhibited behavioral health, mental, or emotional disorders. Plaintiff alleges that Defendant Van Zee assigned Mr. Levy to Mr. Brand's cell and that, at about 11:36 a.m., Defendants Van Zee, Castillo, and Trujillo placed him there and then failed to adequately monitor the cell. Around 12:24 p.m., Defendant Castillo found Mr. Brand on the cell floor beneath a mattress with evidence of sexual assault. Mr. Brand died of asphyxiation and had sustained a chest fracture and other serious injuries.

Defendants:

At 11:36 a.m. on September 13, 2023, the County of Alameda ("County"), after conducting a classification survey, administered by JACQUELINE SICARD ("SICARD") assigned Bryson Levy to Decedent Yuri Brand's Cell (HU 9, C pod, Cell 11 ("C-11")) at Santa Rita Jail ("SRJ"). The County did not have notice that either Mr. Levy or Mr. Brand were unsuitable for shared housing. Neither Mr. Levy nor Mr. Brand were incarcerated at SRJ pending charges for serious and/or violent offenses. Likewise, neither Mr. Levy nor Mr. Brand had been charged and/or convicted of a violent offense in the 10 years preceding the incident. When Sheriff's deputies, including OMAR VALERIO TRUJILLO ("TRUJILLO"), escorted Mr. Levy to C-11, Mr. Levy had a cheerful and cooperative demeanor and entered the cell without resistance and did not complain to the deputies about having a cellmate or having Mr. Brand assigned as his cellmate.

Prior to Mr. Levy's assignment with Mr. Brand, Mr. Brand had other cellmates without serious incident.

A Sheriff's deputy served Mr. Brand and Mr. Levy lunch at 11:47 a.m. JEFFREY VAN ZEE ("VAN ZEE"), the deputy in charge of lunch service gave the occupants of C-11 lunch through the handcuff port. Through the cell door window and handcuff port, the deputy serving lunch had a clear and unobstructed view of C-11. The deputy did not observe any evidence of aggression or animosity between Mr. Brand and Mr. Levy. The deputy left the lunches on the handcuff port as the occupants did not immediately take them.

At 12:21 p.m., while conducting a welfare check of the housing unit, ERIK CASTILLO ("CASTILLO") observed the handcuff port of C-11 open and lunch packages on the floor some distance away from the door. The deputy went to C-11 to investigate and found Mr. Brand under a mattress and Mr. Levy sitting on top of the mattress. The deputy immediately ordered Mr. Levy to submit to being handcuffed and removed Mr. Levy from C-11.

After removing Mr. Levy, the deputies assigned to the housing unit entered C-11 and found Mr. Brand unresponsive. The deputies immediately started lifesaving efforts and announced "Code-3" to activate an emergency response consistent with SRJ policies. Medical staff arrived to assist with lifesaving efforts at 12:32 p.m. At 12:41 p.m., personnel with the Alameda County Fire Department arrived and aided with lifesaving efforts. After lifesaving efforts were not successful, the Alameda County Fire Department pronounced Mr. Brand deceased at 1:15 p.m.

The County investigated the incident. During the County's investigation, Mr. Levy made verbal and written statements admitting to killing Mr. Brand, claiming he did so in self-defense.

**3. Principal factual issues in dispute:**

(1) What each Defendant knew, or should have known, about Mr. Levy's history and condition and about Mr. Brand's condition on September 13, 2023; (2) who made the decisions to classify Mr. Levy for shared housing and to place him in Mr. Brand's cell, and on what information; (3) what alternative housing was available; (4) whether and how the cell was monitored after Mr. Levy was placed in it; and (5) the nature and extent of Mr. Brand's pre-death suffering and of Plaintiff's damages.

**4.** **Legal Issues**: (1) Whether each Defendant failed to protect Mr. Brand in violation of the Fourteenth Amendment under the objective deliberate indifference standard of *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); (2) whether Defendants are entitled to qualified immunity; (3) whether Defendants are liable for negligence and wrongful death under California law, Cal. Code Civ. Proc. §§ 377.20, 377.30, and 377.60, and whether any immunity under the California Government Code applies; (4) whether Plaintiff is entitled to punitive damages, *Smith v. Wade*, 461 U.S. 30 (1983); and (5) the measure of survival and wrongful death damages, *see Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014).

**5.** **Motions**: *Prior motions*: The Court granted the County of Alameda's motion to dismiss the original complaint with leave to amend (Dkts. 15, 24), and the County is not named in the operative Second Amended Complaint (Dkt. 39). The Court granted the parties' administrative motions to seal portions of the Second Amended Complaint and the Answer (Dkts. 40, 49, 61, 62). Plaintiff's former counsel moved to withdraw in October 2025 (Dkt. 65), after which Plaintiff proceeded pro se. The case was stayed while Plaintiff sought new counsel (Dkts. 68, 79, 93), and the Court appointed undersigned counsel for Plaintiff on October 15, 2026 (Dkt. 96). *Pending motions*: None. *Anticipated motions*: Plaintiff will seek leave to amend her complaint as described below and will bring discovery motions only if necessary.

Defendants likely will oppose any attempt to amend the complaint and reserve the right to file a motion to dismiss any amended complaint. Defendants anticipate they will file for Summary Judgment or In The Alternative Partial Summary Judgment on the grounds that they did not violate Plaintiff's constitutional rights, that they are entitled to qualified immunity, and on the ground that they were not negligent.

**6.** **Amendment of Pleadings**: The prior deadline to amend or add parties was March 4, 2025 (Dkt. 28). Plaintiff's counsel was appointed on October 15, 2026, and is still reviewing the file and the discovery produced to date. Plaintiff has been without counsel since December 2, 2025 (ECF 74), based upon prior counsel's October 21, 2025 Motion to Withdraw (ECF 65). Plaintiff will seek leave to amend her complaint to add *Monell* and Americans with Disability Act claims, among other possible claims. Plaintiff contends that Santa Rita Jail has an extensive history of

failing to protect and meet the medical needs of people with mental and behavioral health issues in its custody. *See, e.g. Babu v. County of Alameda*, Case No. 5:18-cv-07677-NC; *Luong v. Alameda County*, 3:17-cv-06675-EMC. Plaintiff proposes a deadline of January 15, 2027, to amend the pleadings. Defendants disagree with this contention.

Defendants reserve the right to oppose any motion to amend the complaint to add new claims in this case that was filed more than two (2) years ago.

**7.** **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**8.** **Disclosures**: The parties have exchanged Rule 26(a)(1) initial disclosures.

**Discovery**: The Court entered a stipulated protective order on January 21, 2025 (Dkt. 36). Fact discovery was previously set to close on November 3, 2025 (Dkt. 55); Plaintiff's former counsel moved to withdraw before that date, and the case was then stayed. Plaintiff anticipates discovery concerning the classification and housing of Mr. Levy and Mr. Brand; Mr. Levy's custodial and classification history; jail video, logs, and reports for September 13, 2023; the investigations of Mr. Brand's death; applicable classification, housing, and observation policies and training; and Mr. Brand's medical and mental health records. Plaintiff anticipates deposing the four Defendants and percipient jail and mental health staff, and serving subpoenas on the County of Alameda and its contractors. The parties do not propose modifications to the discovery rules and do not believe a stipulated e-discovery order is needed at this time. There are no pending discovery disputes. Plaintiff's proposed discovery schedule is set out in Section 15. Plaintiff will propound written discovery and plans to depose, at a minimum, the Defendant officers and a Rule 30(b)(6) witness for Alameda County. Defendants will need to conduct the following discovery: (1) deposition of Plaintiff; (2) written discovery; (3) witness depositions; and (4) expert discovery related to Plaintiff's alleged injuries and Constitutional tort allegations with respect to Mr. Brand. Defendants do not believe any changes should be made to the limitations on discovery imposed under the FRCP.

**9.** **Class Actions**: Not applicable.

**10.** **Related Cases**: The parties are not aware of any related case.

**11.** **Relief**: Plaintiff seeks general and special damages, punitive damages against the individual Defendants, statutory damages as permitted, injunctive relief, attorney's fees under 42 U.S.C. § 1988, and costs. Plaintiff has not calculated a damages figure given that noneconomic damages will be the main recovery anticipated. Plaintiff seeks damages based on (a) as successor-in-interest, Mr. Brand's pre-death pain and suffering and loss of life; (b) individually, Plaintiff's loss of her son's love, companionship, comfort, society, and support; and (c) funeral and burial expenses and any other economic loss.

**12.** **Settlement and ADR**: Plaintiff filed an ADR certification (Dkt. 22), and on December 16, 2024 the Court referred the case to Magistrate Judge Sallie Kim for a settlement conference (Dkt. 30). Due to Plaintiff's counsel's withdrawing from this matter, the conference has been continued several times and has not yet been held. A further scheduling conference before Judge Kim is set for December 2, 2026 at 9:00 a.m. (Dkt. 95). The parties remain willing to participate in a settlement conference with Judge Kim or another Magistrate Judge.

**13.** **Other References**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.** **Narrowing of Issues**: Plaintiff identifies the following as the most consequential issues in the case: (1) whether each Defendant's decision to classify Mr. Levy for shared housing or to place him in Mr. Brand's cell was objectively unreasonable in light of what that Defendant knew or should have known; and (2) whether Defendants are entitled to qualified immunity. The parties do not presently request bifurcation and will confer before the pretrial conference about stipulated facts and the authenticity of jail records.

Depending on whether the complaint is further amended and how it is amended, Defendants believe the issues in this case may be narrowed by FRCP 12(b)(6) motion and/or a motion for summary judgment or partial summary judgment.

**15.** **Scheduling**: The dates previously set by the Court (Dkts. 28, 55), including the June 1, 2026 trial date, passed while the case was stayed. Plaintiff proposes that the stay remain in place

with the exception of Plaintiff motion to amend the complaint, which Plaintiff believes is necessary to facilitate settlement discussions, and the parties' upcoming settlement conference.

Defendants prefer that the matter not remain stayed and that this Court set a schedule that permits the matter to go forward and accounts for the parties' interest in first engaging in a settlement conference. Defendants propose the following schedule:

| **Event** | **Proposed Date** |
|---|---|
| Non-Expert Fact Discovery Cutoff | October 1, 2027 |
| Expert Disclosures | November 5, 2027 |
| Disclosure of Rebuttal Experts | December 3, 2027 |
| Expert Discovery Cutoff | January 19, 2028 |
| Hearing on MSJ | March 24, 2028 |
| Pretrial Conference | May 4, 2028 |
| Trial (subject to Court's availability) | June 1, 2028 |

**16.** **Trial**: Plaintiff and Defendants have demanded a jury trial. The expected length of the trial is five to seven court days.

**17.** **Disclosure of Non-party Interested Entities or Persons**: Plaintiff: Other than the named parties, there is no interest to report. Defendants: Civil L.R. 3-16 does not apply to governmental entities.

**18.** **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.** **Other Matters**: None.

///

///

///

Dated: November 24, 2026

Respectfully submitted,

KATON.LAW

*/s/ Glenn Katon*
Glenn Katon

ATTORNEY FOR PLAINTIFF ERICA EDGERLY

BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

*/s/ Richard W. Osman*
Richard W. Osman

ATTORNEYS FOR DEFENDANTS JACQUELINE SICARD, ERIK CASTILLO, JEFFREY VAN ZEE, and OMAR VALERIO TRUJILLO

Pursuant to Civil L.R. 5-1(i)(3), I attest that each other signatory has concurred in the filing of this document. /s/ Glenn Katon